IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>VERONICA G. BELLAMY,<br>JERRY BELLAMY,<br>OCWEN LOAN SERVICING, LLC.,<br>SCIL TEXAS LLC. aka SPEEDY CASH,<br>PROPEL FINANCIAL SERVICES LLC., and<br>ANN HARRIS BENNETT, as HARRIS<br>COUNTY<br>TAX ASSESSOR/COLLECTOR.<br><br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 4:19-cv-3271<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

The United States of America, pursuant to 26 U.S.C. §§ 7401 and 7403, at the direction

of a delegate of the Attorney General of the United States, and with the authorization and

sanction of a delegate of the Secretary of the Treasury, brings this civil action (1) to reduce to

judgment unpaid restitution-based assessments owed by Veronica G. Bellamy, and (2) to enforce

the associated federal tax liens against certain real properties belonging to her.   For its

complaint, the United States alleges as follows:

### JURISDICTION, VENUE, AND PARTIES

1.      Jurisdiction is conferred upon this district court pursuant to 26 U.S.C. §§ 7402(a)

and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1396 because the liabilities arose in this district and the real properties to be foreclosed are located within the district.

3.      Plaintiff is the United States of America.

4.      Defendant Veronica G. Bellamy resides in Harris County, Texas, within the jurisdiction of this Court.

5.      Defendant Jerry Bellamy is married to Veronica G. Bellamy. He resides in Harris County, Texas, within the jurisdiction of this Court.

6.      Defendant Ocwen Loan Servicing, LLC. is joined as a party as required by 26 U.S.C. § 7403(b) because it may claim an interest in one of the properties, *i.e.* the one located in Tomball, Texas, upon which the United States seeks to enforce its liens. It may be served via its registered agent, Corporation Service Company dba CSC - Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

7.      Defendant Propel Financial Services, LLC. is joined as a party as required by 26 U.S.C. § 7403(b) because it may claim an interest in one of the properties, *i.e.* the one located in Tomball, Texas, upon which the United States seeks to enforce its liens. It may be served via its registered agent, Kohm & Associates, P.C., located at 112 E. Pecan Street, Suite 2810, San Antonio, TX 78249.

8.      Defendant SCIL Texas LLC. aka Speedy Cash is joined as a party as required by 26 U.S.C. § 7403(b) because it may claim an interest in the properties upon which the United States seeks to enforce its liens. It may be served via its registered agent, National Registered Agents, Inc., located at 1999 Bryan St., Ste. 900 Dallas, TX 75201-3136.

9.      Defendant Ann Harris Bennett, as the Harris County Tax Assessor/Collector, is joined as a party as required by 26 U.S.C. § 7403(b) because she may claim an ad valorem tax

lien interests in the properties upon which the United States seeks to enforce its liens. She may

be served at her place of business: 7300 N Shepherd Dr, Houston, TX 77091

### THE SUBJECT PROPERTIES

10.     The United States seeks to enforce its federal tax liens against two pieces of real

property (the "Real Properties").

11.     The title of the first of the Real Properties upon which the United States seeks to

enforce its federal tax liens is jointly owned or held in the name of Veronica G. Bellamy and

Jerry Bellamy, husband and wife, and consists of the land, along with all improvements,

buildings, and appurtenances thereon, now known as and numbered 17315 Champion Lakeway,

Tomball, Texas 77375 (the "Tomball Property") see **Exhibit 1**. The legal description of the

Tomball Property is as follows:

> Lot Fourteen (14), in Block One (1) of CHAMPION LAKES ESTATES, SECTION
> ONE(1 ), a subdivision in Harris County, Texas according to the map or plat thereof
> recorded in Film Code No. 458064 of the Map Records of Harris County, Texas.

12.      Defendants Veronica G. Bellamy and Jerry Bellamy reside at the Tomball

Property, and it is their homestead.

13.     The title of the second of the Real Properties upon which the United States seeks

to enforce its federal tax liens is owned or held in the name of Veronica Bellamy and Jerry

Bellamy, and consists of the land, along with all improvements, buildings, and appurtenances

thereon, now known as and numbered 12107 Benmore Drive, Houston, Texas 77099 (the

"Houston Property") see **Exhibit 2**.   The legal description of the Houston Property is as follows:

> LOT SIXTY-SIX (66), IN BLOCK THREE (3), OF HUNTINGTON VILLAGE

PATIO HOMES, AN ADDITION IN HARRIS COUNTY, TEXAS
ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME
243, PAGE 37 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

14.     Upon information and belief, a tenant resides at the Houston Property.

## COUNT 1
### Judgment against Veronica G. Bellamy for Tax Liabilities

***Tax Liabilities***

15.     On April 8, 2009, a federal grand jury sitting in the Southern District of Texas

indicted Veronica G. Bellamy with 31 counts of aiding in the preparation of false tax returns in

violation of 26 U.S.C. § 7206(2), see **Exhibit 3**.

16.     On June 10, 2010, Veronica G. Bellamy entered into a plea agreement in which

she pleaded guilty to one of the counts and stipulated that the tax harm to the IRS from her

conduct was $538,024, see **Exhibit 4**.

17.     On September 20, 2010, the Court issued a judgment in which it (a) sentenced

Bellamy to a term of imprisonment of 30 months; and (b) ordered Veronica G. Bellamy to pay

$538,024 in restitution to the IRS as part of her sentence, see **Exhibit 5**. In accordance with 26

U.S.C. § 6201(a)(4), the IRS assessed the restitution amount as a federal income tax owed by

Veronica G. Bellamy.

18.     Veronica G. Bellamy was released from prison on February 11, 2013.

19.     Veronica G. Bellamy has neglected, failed and/or refused to pay the full amount

of the criminal restitution debt secured by the federal criminal restitution lien

20.     A delegate of the Secretary of the Treasury gave notice and demand for payment

of the criminal restitution judgment described above to Veronica G. Bellamy. After the

application of statutory interest, penalties, fees, other additions, abatements, payments, and

credits, the criminal restitution judgment described above had a $964,001.94 unpaid balance due of as of August 23, 2019, as follows:

| Tax Year | Amount due to August 23, 2019 |
|----------|-------------------------------|
| 2002 | $36,910.85 |
| 2003 | $249,083.07 |
| 2004 | $364,114.68 |
| 2005 | $313,893.34 |

21.   Despite notice and demand for payment, Veronica G. Bellamy has failed, neglected, or refused to fully pay the criminal restitution judgment described above.

22.   Pursuant to 26 U.S.C. § 7402, the United States is entitled to a judgment that Bellamy is liable to the United States for the criminal restitution judgment in the amount of $964,001.94 as of August 23, 2019, plus prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. §§ 6601, 6621 and 28 U.S.C. § 1961(c), until paid.

**COUNT 2**
**Enforcement of Federal Tax Liens**

23.   Pursuant to 26 U.S.C. §§ 6321 and 6322, as a result of the neglect, refusal or failure by Bellamy to pay the criminal restitution judgment described above after notice and demand, federal tax liens arose on the dates of the assessments, and attached to all property and rights to property belonging to Veronica G. Bellamy, including the Real Properties.

24.   Pursuant to 18 U.S.C. § 3613(c), a lien arose on all property and rights to property of Veronica G. Bellamy on September 20, 2010, the date of the judgment was entered.

25.   Additionally, on January 5, 2011, the United States Department of Justice publicly filed a notice of lien (see **Exhibit 6**) in accordance with 18 U.S.C. § 3613 with the County Clerk of Harris County, Texas in regard to the criminal restitution judgment.

26.     Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce the federal tax liens described in above against the Real Properties. In particular, the United States is entitled to have the two Real Properties sold in a judicial sale, or by a receiver appointed for that purpose, free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs and expenses of the sale, including any costs and expenses incurred to secure and maintain the Real Properties; second, to the defendant Harris County, Texas to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the United States to pay the tax liabilities described above; and, fourth, to the other parties in accordance with the law; or, as otherwise determined by the Court in accordance with the law.

## PRAYER

WHEREFORE, the United States of America prays for a judgment determining:

A.  That Veronica G. Bellamy is liable to the United States for the assessed Form 1040 restitution for tax years 2002-2005 in the amount of $964,001.94 as of August 23, 2019, plus prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid;

B.  That the federal tax liens securing the liabilities described in this complaint shall be foreclosed or enforced by other court orders against the Real Properties by sale of the entire Real Properties in a judicial sale, or by a receiver appointed for that purpose, free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs and expenses of the sale, including any costs and expenses incurred to secure and maintain the Real Properties; second, to the defendant Harris County, Texas, to pay any real estate

taxes due and owing which are entitled to priority under 26 U.S.C. §6323(b)(6); third, to the plaintiff United States to pay the liabilities set forth above; and, fourth, to the other parties in accordance with the law; or, as otherwise determined by the Court in accordance with the law; and

C.  That awards the United States such other and further relief as this Court deems just and proper, including its costs incurred in this action and for any surcharge authorized by 28 U.S.C. § 3011.

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

/s/ Ignacio Perez de la Cruz
IGNACIO PEREZ DE LA CRUZ
Attorney in Charge
Massachusetts Bar No. 67261
SDTX Federal ID: 2433910
Ignacio.PerezdelaCruz@usdoj.gov
U.S. Department of Justice
Tax Division
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9759 fax: (214) 880-9742
ATTORNEY FOR THE UNITED STATES

STE TITLE HOUSTON DIVISION

05120 4371 DD138

Y449243        $16.00
05/06/05  200846805

# GENERAL WARRANTY DEED*

**Date:**        May 4, 2005

**Grantor:**    **CHAMPION LAKES LIMITED, A TEXAS LIMITED PARTNERSHIP**

Grantor's Mailing Address:    P.O. Box 690345
Houston, TX 77369

**Grantee:**    **JERRY BELLAMY AND VERONICA BELLAMY**

Grantee's Mailing Address:    17315 Champions Lakeway
Tomball, Tx 77375

**Consideration:**    TEN AND NO/100 DOLLARS ($10.00) and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged.

Property (including any improvements):
**Lot Fourteen (14), in Block One (1), of CHAMPION LAKES ESTATES, SECTION ONE (1), a subdivision in Harris County, Texas according to the map or plat thereof recorded in Film Code No. 458064 of the Map Records of Harris County, Texas.**

Reservations from and Exceptions to Conveyance and Warranty: All restrictions, easements, rights-of-way, reservations, mineral and otherwise, ordinances, conditions, covenants, and other encumbrances, if any, applicable to and enforceable against the above described property as shown in the records of said county, and rights of tenants in possession.

Grantor, for the consideration and subject to the reservations from and exceptions to conveyance and warranty, grants, sells and conveys to Grantee the property, together with all and singular the rights and appurtenances thereto in any wise belonging, to have and hold it to Grantee, Grantee's heirs, executors, administrators, successors or assigns forever. Grantor binds Grantor and Grantor's heirs, executors, administrators, and successors to warrant and forever defend all

_____

* **Notice of Confidentiality Rights: If you are a natural person, you may remove or strike any of the following information from this instrument before it is filed for record in the public records: Your social security number or your driver's license number.**

1

UNOFFICIAL COPY

**Exhibit**

1

and singular the property to Grantee and Grantee's heirs, executors, administrators, successors and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof.

When the context requires, singular nouns and pronouns include the plural.

ANY PROVISION HEREIN WHICH RESTRICTS THE SALE, RENTAL, OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in file number Sequence on the date and at the time stamped hereon by me, and was duly RECORDED, in the Official Public Records of Real Property of Harris County Texas on

MAY - 6 2005



*Beverly B. Kaufman*
COUNTY CLERK
HARRIS COUNTY, TEXAS

**Champion Lakes Limited, a Texas limited partnership**

**By: WoodMark/ Eibsen Ltd., a Texas limited partnership, general partner**

> **By: WoodMark Realty Advisors, Inc., a Texas corporation, general partner**

> > **By:** _____
> > **Mark. A. Schielack, President**

THE STATE OF TEXAS      )

COUNTY OF HARRIS      )

This instrument was acknowledged before me on May 4, 2005, by Mark A. Schielack, President of WoodMark Realty Advisors, Inc., a Texas corporation which is general partner of Woodmark/ Eibsen, Ltd., a Texas limited partnership, which is general partner of Champion Lakes Limited, a Texas limited partnership, on behalf of said partnership and in the capacity therein stated.

*Dana Duncan*

DANA DUNCAN
Notary Public, State of Texas
My Commission Expires 6-20-2008

Notary Public in and for
The State of Texas.

RETURN

FILED
05 MAY -6 PM 12: 02
COUNTY CLERK
HARRIS COUNTY, TEXAS

**AFTER RECORDING
RETURN TO:**

*Jerry Bellamy
17315 Champions Lakeway
Tomball, Tx 77375*

S971134

GF# 98102062/0860

STEWART TITLE COMPANY
SUGAR LAND, TEXAS

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

## WARRANTY DEED WITH VENDOR'S LIEN

04/20/98  200627769  S971134          $11.50

| | | |
|---|---|---|
| THE STATE OF TEXAS | )( | |
| | )( | KNOW ALL MEN BY THESE PRESENTS: |
| COUNTY OF HARRIS | )( | |

THAT BERRY L. TAYLOR AND WIFE, FEDORA L. TAYLOR, hereinafter called "Grantor" (whether one or more), for and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration to Grantor paid by JERRY LEE BELLAMY AND WIFE, VERONICA GAIL BELLAMY, hereinafter called "Grantee" (whether one or more), the receipt of which is hereby acknowledged and confessed, and the further consideration of the execution and delivery by Grantee of one certain Promissory Note in the principal sum of $69,975.00, of even date herewith, payable to the order of RUSSELL MORTGAGE & INVESTMENT CO., INC., hereinafter called "Mortgagee", bearing interest at the rate therein provided; said Note containing the usual reasonable attorney's fee clause and various acceleration of maturity clauses in case of default, and being secured by Vendor's Lien and superior title retained herein in favor of said Mortgagee, and being also secured by a Deed of Trust of even date herewith from Grantee to GREGORY L. GREGG, Trustee; and

WHEREAS, Mortgagee has, at the special instance and request of Grantee, paid to Grantor a portion of the purchase price of the property hereinafter described, as included in the above-described Note, said Vendor's Lien against said property securing the payment of said Note is hereby assigned, transferred and delivered to Mortgagee, Grantor hereby conveying to said Mortgagee the said superior title to said property, subrogating said Mortgagee to all the rights and remedies of Grantor in the premises by virtue of said liens; and

Grantor has GRANTED, SOLD and CONVEYED, and by these presents does GRANT, SELL and CONVEY unto said Grantee, the following described property, to-wit:

LOT SIXTY-SIX (66), IN BLOCK THREE (3), OF HUNTINGTON VILLAGE PATIO HOMES, AN ADDITION IN HARRIS COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 243, PAGE 37 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

**Exhibit**

2

FILED
98 APR 20 PM 1:31
COUNTY CLERK
HARRIS COUNTY, TEXAS

TO HAVE AND TO HOLD the above-described premises, together with all and singular, the rights and appurtenances thereunto in anywise belonging unto said Grantee, his heirs and assigns, forever. And Grantor does hereby bind himself, his heirs, executors and administrators, to warrant and forever defend all and singular the said premises unto said Grantee, his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

Page 1 of 2 pages
GV4000-1

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

Taxes for the current year have been prorated and their payment is assumed by Grantee.

This conveyance is made subject to any and all valid and subsisting restrictions, easements, rights of way, reservations, maintenance charges together with any lien securing said maintenance charges, zoning laws, ordinances of municipal and/or other governmental authorities, conditions and covenants, if any, applicable to and enforceable against the above-described property as shown by the records of the County Clerk of said County.

The use of any pronoun herein to refer to Grantor or Grantee shall be deemed a proper reference even though Grantor and/or Grantee may be an individual (either male or female), a corporation, a partnership or a group of two or more individuals, corporations and/or partnerships, and when this Deed is executed by or to a corporation, or trustee, the words "heirs, executors and administrators" or "heirs and assigns" shall, with respect to such corporation or trustee, be construed to mean "successors and assigns".

It is expressly agreed that the Vendor's Lien is retained in favor of the payee of said Note against the above-described property, premises and improvements, until said Note and all interest thereon shall have been fully paid according to the terms thereof, when this Deed shall become absolute.

EXECUTED this **16TH** day of **APRIL, 1998.**

_Berry L Taylor_
**BERRY L. TAYLOR**

_Fedora Taylor_
**FEDORA L. TAYLOR**

ANY PROVISION HEREIN WHICH RESTRICTS THE SALE, RENTAL OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in File Number Sequence on the date and at the time stamped hereon by me; and was duly RECORDED, in the Official Public Records of Real Property of Harris County, Texas on

**APR 2 0 1998**

_Beverly B. Kaufman_
**COUNTY CLERK**
**HARRIS COUNTY TEXAS**

_Return To:_
**GRANTEE'S ADDRESS:**
_Jerry Lee Bellamy_
**12107 BENMORE DRIVE**
**HOUSTON, TEXAS 77099**

STATE OF _Texas_ , COUNTY OF _Fort Bend_ , ss:

This instrument was acknowledged before me on this _16_ day of _April_ , 19 _98_ , by BERRY L. TAYLOR and FEDORA L. TAYLOR.

_W Byerly_
**NOTARY PUBLIC**

WENDY R. BYERLY
Notary Public, State of Texas
My Commission Expires
OCTOBER 25, 2001.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

APR − 8 2009

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | **H − 0 9 − 1 8 5** |
| v. | § | CRIMINAL NO. _____ |
| | § | |
| VERONICA BELLAMY | § | |

## INDICTMENT

The Grand Jury Charges That:

### COUNTS ONE THROUGH THIRTY-ONE
### [Assisting in the Preparation of False Tax Returns – 26 U.S.C. § 7206(2)]

On or about the dates specified below, in the Houston Division of the Southern District of Texas,

**VERONICA BELLAMY**

defendant herein, and a resident of Houston, Texas, doing business under the name Tax Business & Planning, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, an agency of the United States Treasury Department, of U.S. Individual Income Tax Returns, Forms 1040, either individual or joint, for the taxpayers and calendar years hereinafter specified, which were false and fraudulent as to material matters, in that they represented that the taxpayers were entitled under the provisions of the Internal Revenue laws to claim Schedule A (Itemized Deductions) deductions, Schedule C (Profit or Loss from a Business) losses, education credits, and the earned income credits (EIC) in the approximate amounts hereinafter specified, whereas, as the defendant then and there well knew and believed, the taxpayers

1

**Exhibit**

3

were not entitled to claim Schedule A deductions, Schedule C losses, education credits, and the EIC

in the specified amounts, but in lesser amounts:

| Count | Date of Offense | Taxpayer(s) | Tax Year | Falsely Claimed Item(s) | Approximate Amount Claimed |
|-------|-----------------|-------------|----------|-------------------------|----------------------------|
| 1 | 03/10/03 | Baltazar | 2002 | Form 1040, Line 38, Itemized Deductions | $ 15,332 |
| 2 | 02/23/04 | Baltazar | 2003 | Form 1040, Line 37, Itemized Deductions | $ 49,041 |
| 3 | 02/19/05 | Baltazar | 2004 | Form 1040, Line 12, Sch C Business (Loss) | ($ 21,372) |
| | | | | Form 1040, Line 39, Itemized Deductions | $ 35,895 |
| 4 | 02/04/06 | Baltazar | 2005 | Form 1040, Line 12, Sch C Business (Loss) | ($ 27,489) |
| | | | | Form 1040, Line 40, Itemized Deductions | $ 42,940 |
| 5 | 03/10/03 | Bernardo | 2002 | Form 1040, Line 38, Itemized Deductions | $ 29,660 |
| | | | | Form 1040, Line 48, Education Credits | $ 1,500 |
| 6 | 02/18/04 | Bernardo | 2003 | Form 1040, Line 37, Itemized Deductions | $ 37,894 |
| | | | | Form 1040, Line 47, Education Credits | $ 671 |
| 7 | 02/03/05 | Bernardo | 2004 | Form 1040, Line 39, Itemized Deductions | $ 51,852 |
| | | | | Form 1040, Line 49, Education Credits | $ 590 |

| Count | Date of Offense | Taxpayer(s) | Tax Year | Falsely Claimed Item | Approximate Amount Claimed |
|-------|-----------------|-------------|----------|----------------------|----------------------------|
| 8 | 03/03/06 | Bernardo | 2005 | Form 1040, Line 12, Sch C Business (Loss) | ($ 60,507) |
| | | | | Form 1040, Line 40, Itemized Deductions | $ 32,231 |
| | | | | Form 1040, Line 66a, Earned Income Credit | $ 4,294 |
| 9 | 02/20/03 | Boladale | 2002 | Form 1040, Line 38, Itemized Deductions | $ 27,713 |
| | | | | Form 1040, Line 48, Education Credits | $ 251 |
| 10 | 02/09/04 | Boladale | 2003 | Form 1040, Line 37, Itemized Deductions | $ 31,426 |
| | | | | Form 1040, Line 47, Education Credits | $ 1,248 |
| 11 | 02/10/05 | Boladale | 2004 | Form 1040, Line 12, Sch C Business (Loss) | ($ 40,654) |
| | | | | Form 1040, Line 39, Itemized Deductions | $ 20,761 |
| | | | | Form 1040, Line 65a, Earned Income Credit | $ 2,471 |
| 12 | 02/09/06 | Boladale | 2005 | Form 1040, Line 12, Sch C Business (Loss) | ($ 30,903) |
| | | | | Form 1040, Line 66a, Earned Income Credit | $ 2,662 |
| 13 | 02/18/04 | Causapin | 2003 | Form 1040, Line 37, Itemized Deductions | $ 41,535 |

| Count | Date of Offense | Taxpayer(s) | Tax Year | Falsely Claimed Item | Approximate Amount Claimed |
|-------|-----------------|-------------|----------|----------------------|----------------------------|
| 14 | 02/19/05 | Causapin | 2004 | Form 1040, Line 12, Sch C Business (Loss) | ($ 35,875) |
|  |  |  |  | Form 1040, Line 39, Itemized Deductions | $ 37,876 |
|  |  |  |  | Form 1040, Line 49, Education Credits | $ 1,500 |
| 15 | 02/28/06 | Causapin | 2005 | Form 1040, Line 12, Sch C Business (Loss) | ($ 62,766) |
|  |  |  |  | Form 1040, Line 66a, Earned Income Credit | $ 808 |
| 16 | 03/25/04 | Galo | 2003 | Form 1040, Line 12, Sch C Business (Loss) | ($ 37,692) |
| 17 | 02/15/05 | Galo | 2004 | Form 1040, Line 12, Sch C Business (Loss) | ($ 39,350) |
|  |  |  |  | Form 1040, Line 39, Itemized Deductions | $ 37,856 |
| 18 | 02/13/06 | Galo | 2005 | Form 1040, Line 12, Sch C Business (Loss) | ($ 31,344) |
|  |  |  |  | Form 1040, Line 40, Itemized Deductions | $ 54,873 |
| 19 | 02/07/05 | Ignacio | 2004 | Form 1040, Line 12, Sch C Business (Loss) | ($ 51,393) |
|  |  |  |  | Form 1040, Line 39, Itemized Deductions | $ 26,908 |
|  |  |  |  | Form 1040, Line 49, Education Credits | $ 1,500 |

| Count | Date of Offense | Taxpayer(s) | Tax Year | Falsely Claimed Item | Approximate Amount Claimed |
|-------|-----------------|-------------|----------|----------------------|----------------------------|
| 20 | 02/06/06 | Ignacio | 2005 | Form 1040, Line 12, Sch C Business (Loss) | ($ 47,529) |
| | | | | Form 1040, Line 40, Itemized Deductions | $ 42,638 |
| 21 | 03/13/03 | Kanife & Hawthorne | 2002 | Form 1040, Line 12, Sch C Business (Loss) | ($ 26,733) |
| | | | | Form 1040, Line 38, Itemized Deductions | $ 47,302 |
| 22 | 03/09/04 | Kanife & Hawthorne | 2003 | Form 1040, Line 12, Sch C Business (Loss) | ($ 21,434) |
| | | | | Form 1040, Line 37, Itemized Deductions | $ 33,920 |
| 23 | 03/30/05 | Kanife & Hawthorne | 2004 | Form 1040, Line 12, Sch C Business (Loss) | ($ 43,947) |
| 24 | 03/15/03 | Lugonjic | 2002 | Form 1040, Line 38, Itemized Deductions | $ 23,665 |
| 25 | 03/15/04 | Lugonjic | 2003 | Form 1040, Line 37, Itemized Deductions | $ 37,364 |
| | | | | Form 1040, Line 47, Education Credits | $ 1,500 |
| 26 | 03/22/05 | Lugonjic | 2004 | Form 1040, Line 12, Sch C Business (Loss) | ($ 32,036) |
| | | | | Form 1040, Line 39, Itemized Deductions | $ 23,116 |
| 27 | 03/20/06 | Lugonjic | 2005 | Form 1040, Line 12, Sch C Business (Loss) | ($ 44,179) |
| | | | | Form 1040, Line 40, Itemized Deductions | $ 23,382 |

| Count | Date of Offense | Taxpayer(s) | Tax Year | Falsely Claimed Item | Approximate Amount Claimed |
|-------|-----------------|-------------|----------|----------------------|----------------------------|
| 28 | 02/09/04 | Nzeagwu | 2003 | Form 1040, Line 37, Itemized Deductions | $ 55,791 |
| 29 | 02/04/05 | Nzeagwu | 2004 | Form 1040, Line 12, Sch C Business (Loss) | ($ 59,935) |
| 30 | 03/07/06 | Nzeagwu | 2005 | Form 1040, Line 12, Sch C Business (Loss) | ($105,601) |
| 31 | 03/21/06 | "Chad E. Bishop" | 2005 | Form 1040, Line 40, Itemized Deductions | $ 30,701 |

All, in violation of Title 26, United States Code, Section 7206(2) and Title 18 United States Code Section 2.

A TRUE BILL:

FOREPERSON OF THE GRAND JURY

ORIGINAL SIGNATURE ON FILE

TIM JOHNSON
Acting United States Attorney

By: _____

JIMMY SLEDGE JR.
Assistant United States Attorney

-6-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. H-09-185 |
| | § | |
| VERONICA BELLAMY | § | |

## PLEA AGREEMENT OF VERONICA BELLAMY

The United States of America, by and through Tim Johnson, United States Attorney for the Southern District of Texas, and Jimmy Sledge Jr., Assistant United States Attorney, and the defendant, Veronica Bellamy, and the defendant's counsel, Kent A. Schaffer, and pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure state that they have entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreement

1.       The defendant agrees to plead guilty to Count Thirty-One of the Indictment, which charges the defendant with aiding and assisting in the preparation and filing of a false federal income tax return, in violation of Title 26, United States Code, Section 7206(2). The defendant, by entering this plea, agrees that she is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, proved to a jury, or proven beyond a reasonable doubt.

### Punishment Range

2.       The statutory maximum penalty for each violation of Title 26, United States Code §7206(2) is imprisonment of not more than three (3) years and a fine of not more than $250,000. The defendant may also receive a term of supervised release after imprisonment of up to one year. Title 18, U.S.C. Sections 3559(a)(4) and 3583(b)(2). Defendant acknowledges and understands that

Page 1 of 11

**Exhibit**

4

if she should violate the conditions of any period of supervised release which may be imposed as part of her sentence, then the defendant may be imprisoned for the entire term of supervised release without credit for time already served on the term of supervised release prior to such violation. Title 18, U.S.C. Sections 3559(a)(4) and 3583(e)(3). Defendant understands that she cannot have the imposition or execution of the sentence suspended, nor is she eligible for parole.

**Mandatory Special Assessment**

3.        Pursuant to Title 18, U.S.C. § 3013(a)(2)(A), immediately after sentencing, the defendant will pay to the Clerk of the United States District Court  a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order  payable to the Clerk of the United States District Court,  c/o District Clerk's Office, P.O. Box 61010,  Houston, Texas  77208, Attention: Finance.

**Fine, Reimbursement and Restitution**

4.        Defendant understands that, under the Sentencing Guidelines, the Court is permitted to order defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release.

5.        Defendant agrees, in accordance with 18 U.S.C. 3663(a)(3), to pay full restitution to the Internal Revenue Service for all relevant conduct attributable to her in this case  regardless of the count of conviction.  Defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately, and further agrees that she will not attempt to avoid or delay payment.

6.        Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) prior to sentencing if she is requested to do so.  In the event that the Court imposes a fine or orders the payment of restitution as part of the defendant's

Page 2 of  11

sentence, the defendant shall make complete financial disclosure by truthfully executing a sworn financial statement immediately following her sentencing. In addition to defendant's agreement in paragraph 5 above in accordance with 18 U.S.C. 3663(a)(3), defendant also agrees that the specific amount of restitution owed to the Internal Revenue Service in this case is **$538,024** and defendant further agrees to the Court's ordering restitution to the Internal Revenue Service of **$538,024** as a condition of supervised release (under 18 U.S.C. § 3583).

## Cooperation

7.     Defendant agrees to persist in her plea of guilty through sentencing and not to oppose any collection proceedings or forfeiture of assets undertaken under and in furtherance of this agreement. The defendant understands and agrees that this plea agreement carries NO potential whatsoever for a motion for departure under Section 5K1.1 of the Sentence Guidelines.

## Waiver of Appeal

8.     Defendant is aware that Title 18, U.S.C. Section 3742, affords a defendant the right to appeal the sentence imposed. The defendant agrees to waive her right to appeal the sentence imposed or the manner in which it was determined, except that defendant reserves only the right to appeal a sentence imposed above the statutory maximum. Additionally, the defendant is aware that Title 28, U.S.C. Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest her conviction or sentence by means of any post-conviction proceeding. Defendant also waives her right to appeal her conviction.

9.     If the defendant instructs her attorney to file a notice of appeal of her sentence or of her conviction, or if the defendant instructs her attorney to file any other post-conviction proceeding attacking her conviction or sentence, the defendant understands that the United States will seek

specific performance of the defendant's waivers in this plea agreement of defendant's right to appeal her sentence or conviction and of defendant's right to file any post-conviction proceedings attacking her conviction or sentence.

10. In agreeing to these waivers, defendant is aware that a sentence has not yet been determined by the Court. The defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that she may have received from her counsel, from the United States, or from the U.S. Probation Office is a prediction, not a promise, **did not induce her guilty plea**, and is not binding on the United States, the U.S. Probation Office, or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *United States v. Booker*, 125 S.Ct. 738 (2005). Accordingly, defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing defendant, the Court is not bound to follow the Sentencing Guidelines nor to sentence defendant within the calculated guideline range.

11. Defendant understands and agrees that each and all waivers in this plea agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States's Agreements

12. The United States agrees to each of the following:

(a) The defendant's relevant conduct caused a "tax loss" for sentencing purposes of **approximately \$538,024** within the meaning of Sections 2T1.1(a)(1) and 2T4.1 of the applicable United States Sentencing Commission's Guidelines Manual ("U.S.S.G.") and involved no "sophisticated means" within the meaning of U.S.S.G. Section 2T1.1(b)(2); the defendant understands, however, that any agreement between the United States and the defendant regarding her relevant conduct is not binding upon the U.S. Probation Office or the U.S. District Court;

(b)    At the time of sentencing, the United States agrees not to oppose defendant's anticipated request to the Court and the United States Probation Office that she receive a two (2) level downward adjustment pursuant to Section 3E1.1(a) of the U.S.S.G. should the defendant accept responsibility as contemplated by the U.S.S.G.;

(c)    If the defendant's offense level is 16 or greater and the Court awards defendant a 2-point downward adjustment under U.S.S.G. § 3E1.1(a), the United States will move for an additional one level departure based on the timeliness of the defendant's plea;

(d)    It will not request an upward departure from the applicable guideline range as finally determined by the Court;

(e)    It will not oppose a sentence at the low end of the applicable guideline range as finally determined by the Court;

(f)    If the Court accepts this plea agreement and the defendant persists in his plea of guilty through sentencing, the United States will dismiss the remaining counts of the Indictment after sentencing; and

(g)    If the Court accepts this plea agreement and the defendant persists in her plea of guilty through sentencing, the United States will not charge the defendant with tax offenses in connection with the preparation of client tax returns for the calendar years 2002 through 2005 (the years covered by the tax loss stipulation and restitution agreed to herein).

## United States' Non-Waiver of Appeal

13.    The United States reserves the right to carry out its responsibilities under the United

States Sentencing Guidelines.  Specifically, the United States reserves the right:

(a)    to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the U.S. Probation Office in connection with that office's preparation of a presentence report;

(b)    to set forth or dispute sentencing factors or facts material to sentencing;

(c)    to seek resolution of such factors or facts in conference with defendant's counsel and the U.S. Probation Office;

(d)    to file a pleading relating to these issues, in accordance with U.S.S.G. Section 6A1.2 and with Title 18, U.S.C. Section 3553(a); and,

(e)    to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

14. Defendant is aware that the sentence will be imposed after the Court's consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, U.S.C. § 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense to which defendant pleads guilty and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable U.S. Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the U.S. Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, defendant cannot, for that reason alone, withdraw a guilty plea and will remain bound to fulfill all of her obligations under this plea agreement.

## Rights at Trial

15. Defendant represents to the Court that she is satisfied that her attorney has rendered effective assistance. Defendant understands that by entering into this agreement, she surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a) If defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States, and the court all agree;

(b) At a trial, the United States would be required to present witnesses and other evidence against the defendant. The defendant would have the opportunity to confront those witnesses and her attorney would be allowed to cross-examine them. In turn, the defendant could, but would not be required to, present witnesses and

Page 6 of 11

other evidence on her own behalf. If a witnesses for the defendant declined to appear voluntarily, she could require their attendance through the subpoena power of the court; and

(c)     At a trial, defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if the defendant desired to do so, she could testify on her own behalf.

## Factual Basis for Guilty Plea

16.     Defendant is pleading guilty because she is guilty of the charges contained in Count

Thirty-One of the Indictment. If this case were to proceed to trial, the United States could prove

each element of the offense beyond a reasonable doubt. The following facts, among others would

be offered to establish the defendant's guilt:

On or about March 21, 2006, in the Houston Division of the Southern District of Texas, Veronica Bellamy knowingly prepared and caused to be filed with the Internal Revenue Service a false 2005 U.S. Individual Income Tax Return – Form 1040 for "Chad E. Bishop," a person Bellamy believed to be a fee-paying client in need of tax return preparation services. Specifically, Bellamy, acting as "Chad E. Bishop's" tax return preparer, knowingly, willfully, gratuitously and without the assent of the said "Chad Bishop," included in the U.S. Individual Income Tax Return (Form 1040) of said individual certain materially false deductions with the intention of generating an excessive federal income tax refund for said individual and with the intention of causing a direct pecuniary harm of several thousand dollars to the National Treasury. More specifically, Bellamy knowingly, willfully, gratuitously and without the assent of the said "Chad E. Bishop" included a materially false false Schedule A deductions for Real Estate Taxes in the amount of $6030, for Personal Property Taxes in the amount of $5,539, for Home Mortgage Interest in the amount of $11,393, and for Charitable Gifts in the amount of $7,739. Bellamy actually filed this tax return electronically with the Internal Revenue Service; if it had been fully processed as Bellamy intended, it would have generated a fraudulent federal income tax refund and would have caused a loss to the United States Treasury of approximately $3,512. In an effort to build a reputation for generating large income tax refunds for clients, Bellamy knowingly prepared and actually caused to be filed a number of false federal income tax returns that generated excessive refunds for clients for tax years 2002 through 2005 based upon false and fraudulently inflated deductions and credits that were intended by Bellamy to cause, and did cause, aggregate losses to the National Treasury of approximately **$538,024.**

In violation of Title 26, United States Code, Section 7206(2).

## Criminal Tax Loss and Civil Tax Liability

17. The Defendant understands and agrees that this plea agreement does not and will not resolve any civil tax liabilities. Defendant retains the right to contest in the United States Tax Court, the United States District Court, or any court of competent jurisdiction, the amount of any tax liability and penalties asserted against her. The United States and the Defendant both understand and acknowledge that the United States Probation Office and the U.S. District Court are free to make their own determination of relevant conduct and tax loss and that nothing in this plea agreement will restrict access by the Probation Office or the U.S. District Court to information and records in the possession of the United States, including that/those obtained from defendant. Furthermore, if requested, defendant agrees to make all books, records and documents available to the Internal Revenue Service for use in computing taxes, interest and penalties due from the defendant. The defendant further agrees to cooperate fully with the Internal Revenue Service in determining correct tax liabilities and any applicable interest and penalties. The defendant further agrees to cooperate fully with the Internal Revenue Service to make payment of individual tax liabilities, interest, and penalties determined due.

## Press Release

18. The defendant acknowledges that the United States Attorney's Office and the Internal Revenue Service may issue a press release disclosing to the news media the defendant's conviction and sentence. The defendant consents to the disclosure of the contents of the public record of this case and the issuance of a press release under Title 28, United States Code §6103(c) disclosing the facts stipulated above in exchange for the concessions made by the United States in this agreement.

Page 8 of 11

## Breach of Plea Agreement

19.     If defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement and the defendant's plea and sentence will stand. If at any time defendant retains, conceals, or disposes of assets in violation or hindrance of this plea agreement, or if defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to reinstate prosecution of the dismissed counts. Any information and documents that have been disclosed by defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

20.     Whether the defendant has breached any provision of this plea agreement shall be determined solely by the United States through the United States Attorney's Office, whose judgment in that regard is final.

## Complete Agreement

21.     This written plea agreement, consisting of eleven (11) pages, including the attached addendum of defendant and her attorney, constitutes the complete plea agreement between the United States, defendant, and her counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against her and that she is pleading guilty freely and voluntarily because she is guilty.

22.  Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on this 20 day of *January*, 2010.

_____
VERONICA BELLAMY
Defendant

Subscribed and sworn to before me on this 20th day of *July*, 2010.

CLERK OF COURT

By: _____
Deputy United States District Clerk

APPROVED:

TIM JOHNSON
UNITED STATES ATTORNEY

By: _____
Jimmy Sledge Jr.
Assistant United States Attorney
Southern District of Texas
P.O. Box 61129
Houston, Texas 77208
TEL: 713/567-9735
FAX: 713/718-3304
Email: jimmy.sledge@usdoj.gov

BIRES & SCHAFFER

_____
Kent A. Schaffer
Attorney for Defendant
JPMorganChase Bank Building
712 Main Street, 31st Floor
Houston, Texas 77002
TEL: 713/574-9412
FAX: 713/228-0034
Email: zackymax@aol.com

Page 10 of 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. H-09-187 |
| | § | |
| VERONICA BELLAMY | § | |

### Plea Agreement - Addendum

I have fully explained to defendant her rights with respect to the pending Indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to defendant the provisions of those Guidelines which may apply in this case. I have also explained to defendant that the Guidelines are only advisory and the court may sentence defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with defendant. To my knowledge, her decision to enter into this agreement is an informed and voluntary one.

_____     1-20-10
Kent A. Schaffer, Attorney for Defendant       Date

I have consulted with my attorney and fully understand all my rights with respect to the Indictment pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____     1-20-10
Veronica Bellamy, Defendant       Date

Page 11 of 11

AO 245B     (Rev. 08/05) Judgment in a Criminal Case
            Sheet 1

# UNITED STATES DISTRICT COURT
## Southern District of Texas
### Holding Session in Houston

UNITED STATES OF AMERICA
**v.**
**VERONICA BELLAMY**

**JUDGMENT IN A CRIMINAL CASE**

CASE NUMBER: **4:09CR00185-001**

USM NUMBER: 99017-179

Kent A. Schaffer
Defendant's Attorney

☐ See Additional Aliases.

**THE DEFENDANT:**

☒ pleaded guilty to count(s)     31 on January 20, 2010.

☐ pleaded nolo contendere to count(s)
  which was accepted by the court.

☐ was found guilty on count(s)
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 26 U.S.C. § 7206(2) and 18 U.S.C. § 2 | Aiding and assisting in the preparation and filing of a false federal income tax return | 03/21/2006 | 31 |

☐ See Additional Counts of Conviction.

    The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s) remaining _____   ☐ is   ☒ are   dismissed on the motion of the   United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 15, 2010
Date of Imposition of Judgment

Signature of Judge

**GRAY H. MILLER**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

9/20/10
Date

**Exhibit**

5

MRO    MRO

AO 245B      (Rev. 08/05) Judgment in a Criminal Case
           Sheet 2 -- Imprisonment

Judgment -- Page 2 of 6

DEFENDANT: **VERONICA BELLAMY**
CASE NUMBER: **4:09CR00185-001**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of _____ 30 months. _____

This term consists of THIRTY(30) MONTHS as to Count 31.

☐ See Additional Imprisonment Terms.

☒ The court makes the following recommendations to the Bureau of Prisons:
The defendant participate in the Comprehensive Residential Drug Abuse Treatment Program during incarceration, if eligible.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
     ☐ at _____ ☐ a.m. ☐ p.m.   on _____ .
     ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
     ☐ before 2 p.m. on _____ .
     ☒ as notified by the United States Marshal.
     ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B     (Rev. 08/05) Judgment in a Criminal Case
              Sheet 3 -- Supervised Release

Judgment -- Page 3 of 6

DEFENDANT:   **VERONICA BELLAMY**
CASE NUMBER:   **4:09CR00185-001**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:   1 year.

     This term consists of ONE (1) YEAR as to Count 31.

☐   See Additional Supervised Release Terms.

     The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. *(for offenses committed on or after September 13, 1994)*

     ☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

     If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

     The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

☒   See Special Conditions of Supervision.

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B     (Rev. 08/05) Judgment in a Criminal Case
                  Sheet 3C -- Supervised Release

DEFENDANT: **VERONICA BELLAMY**
CASE NUMBER: **4:09CR00185-001**

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in a program, inpatient or outpatient, for the treatment of drug and/or alcohol addiction, dependency or abuse which may include, but not be limited to urine, breath, saliva and skin testing to determine whether the defendant has reverted to the use of drugs and/or alcohol. Further, the defendant shall participate as instructed and as deemed necessary by the probation officer and shall comply with all rules and regulations of the treatment agency until discharged by the Program Director with the approval of the probation officer. The defendant shall further submit to drug-detection techniques, in addition to those performed by the treatment agency, as directed by the probation officer. The defendant will incur costs associated with such drug/alcohol detection and treatment, based on ability to pay as determined by the probation officer.

The defendant is prohibited from employment or acting in a fiduciary role during the term of supervision.

The defendant is required to provide the probation officer access to any requested financial information. If a fine or restitution amount has been imposed, the defendant is prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation officer.

AO 245B     (Rev. 08/05) Judgment in a Criminal Case
                Sheet 5 -- Criminal Monetary Penalties

Judgment -- Page 5 of 6

DEFENDANT:   **VERONICA BELLAMY**
CASE NUMBER:   **4:09CR00185-001**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $100 | | $538,024 |

☐  See Additional Terms for Criminal Monetary Penalties.

☐  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal payees must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Internal Revenue Service | | $538,024 | |

☐  See Additional Restitution Payees.

| **TOTALS** | $    0.00 | $    538,024.00 |
|---|---|---|

☒  Restitution amount ordered pursuant to plea agreement $ 538,024

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐  the interest requirement is waived for the ☐ fine   ☐ restitution.

    ☐  the interest requirement for the ☐ fine   ☐ restitution is modified as follows:

☐  Based on the Government's motion, the Court finds that reasonable efforts to collect the special assessment are not likely to be effective. Therefore, the assessment is hereby remitted.

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 08/05) Judgment in a Criminal Case
           Sheet 6 -- Schedule of Payments

Judgment -- Page 6 of 6

DEFENDANT:    **VERONICA BELLAMY**
CASE NUMBER:    **4:09CR00185-001**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☒  Lump sum payment of $ ___100___ due immediately, balance due

        ☐  not later than _____ , or
        ☒  in accordance with  ☐ C, ☐ D, ☐ E, or ☒ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,      ☐ D, or ☐ F below); or

C  ☐  Payment in equal _____ installments of $ _____ over a period of _____ , to commence _____ days
      after the date of this judgment; or

D  ☐  Payment in equal _____ installments of $ _____ over a period of _____ , to commence _____ days
      after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ days after release from imprisonment. The court
      will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☒  Special instructions regarding the payment of criminal monetary penalties:
      Make all payments payable to: U.S. District Clerk, Attn: Finance, P.O. Box 61010, Houston, TX 77208.

      Balance due in installments of 50% of any wages earned while in prison in accordance with the Bureau of Prisons' Inmate
      Financial Responsibility Program. Any balance remaining after release from imprisonment shall be due in equal monthly
      installments of $300 per month to commence 60 days after release from imprisonment to a term of supervision.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during
imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial
Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

**Case Number**
**Defendant and Co-Defendant Names**
**(including defendant number)**                **Total Amount**     **Joint and Several**    **Corresponding Payee,**
                                                    **Amount**          **if appropriate**

☐  See Additional Defendants and Co-Defendants Held Joint and Several.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

☐  See Additional Forfeited Property.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.



DEPARTMENT OF JUSTICE

**NOTICE OF LIEN FOR FINE AND/OR RESTITUTION IMPOSED PURSUANT TO THE ANTI-TERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996**

| For Optional Use By Recording Office |
| --- |
| **20110005518** 01/05/2011  RP2  $11.00 |

United States Attorney's Office for
Serial Number

**SOUTHERN DISTRICT OF TEXAS**                    **2011A18253/001**

NOTICE is hereby given of a lien against the property of the defendant named below.  Pursuant to Title 18, United States Code, § 3613(c), a fine or an order of restitution imposed pursuant to the provisions of subchapter C of chapter 227 is a lien in favor of the United States upon all property belonging to the person fined or ordered to pay restitution.  Pursuant to § 3613(d), a notice of lien shall be considered a notice of lien for taxes for the purposes of any State or local law providing for the filing of a tax lien.  The lien arises at the time of the entry of judgment and continues until the liability is satisfied, remitted, or set aside, or until it becomes unenforceable pursuant to § 3613(b).

Name of Defendant                    VERONICA BELLAMY

SSN:                                  ***-**-****
DOB:                                  *****, 1965

**REAL PROPERTY**

Residence:

Amount of Fine/Restitution           $538,124.00
Court Imposing Judgment              Houston Division

Court Number                         4:09-CR-185-01

Date of Judgment                     September 15, 2010

Date of Entry of Judgment            September 20, 2010

Rate of Interest                     .260 %

JAN -5 2011

*Stan Stanart*
COUNTY CLERK
HARRIS COUNY, TEXAS

If payment becomes past due, penalties totaling up to 25 percent of the principal amount past due may arise.  18 U.S.C. § 3612(g).

**IMPORTANT RELEASE INFORMATION**--With respect to the lien listed above, this notice shall operate as a certificate of release pursuant to 18 U.S.C. § 3613(b) by operation of law, but no later than   February 11, 2033   (twenty years plus term of imprisonment).

PLACE OF FILING   Harris   County

**Exhibit**
6

This notice was prepared and signed at HOUSTON, TX on this  22nd  day of   December  ,  2010 .

Signature:

ELIZABETH F. KARPATI
Assistant United States Attorney
P. O. Box 61129
Houston, Texas 77208
Tel: (713) 567-9000
Fax: (713) 718-3405

**RETURN TO:**
US ATTORNEY'S OFFICE
ATTN: FINANCIAL LITIGATION UNIT **(BLC)**
P. O. BOX 61129
HOUSTON, TEXAS 77208

FILE FOR RECORD
8:00 AM

JAN -5 2011

*Stan Stanart*
County Clerk, Harris County, Texas